UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS, LLC,

    Plaintiff,

vs.

CHELSEA LUMBER CO.
and MATTHEW HAGOOD,

    Defendants.
_____/

Civil Action No.
11-CV-10854

HON. MARK A. GOLDSMITH

## OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE NOTICE OF NON-PARTY FAULT (DKT. 56)

### I.    BACKGROUND

This is a copyright infringement case brought under the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiff alleges that Defendants, without authorization, copied, published, and sold copyrighted works of architectural design and technical drawings owned by Plaintiff. Am. Compl. ¶¶ 7-15 (Dkt. 39). The amended complaint contains counts of copyright infringement, including a count of vicarious liability and a count alleging violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. Id. ¶¶ 16-45. Defendants filed an answer to the amended complaint, asserting that to the extent Plaintiff's claims arise from a licensing agreement between the parties, "Plaintiff's allegations sound in a state cause of action (breach of contract) and there exists no federal question jurisdiction." Answer at 1-2 (Dkt. 42).

On February 19, 2013, Defendants filed a document entitled "Defendants' Notice of Non-Party at Fault Pursuant To MCLA 600.2957 and MCLA 600.2959" (Dkt. 52). The notice provides a list of entities not joined as parties to this suit, which Defendants claim "may be wholly

1

or partially at fault for the incident, occurrence, and damages claimed in Plaintiff's complaint." Id. at 1.

On February 21, 2013, Plaintiff filed a motion to strike the notice of non-party fault under Federal Rule of Civil Procedure 12(f) (Dkt. 54), which the Court struck for non-compliance with the concurrence requirement contained in the Court's case management and scheduling order (Dkt. 55). Plaintiff subsequently filed a compliant motion to strike (Dkt. 56). Oral argument on the motion was held on April 24, 2013. For the reasons that follow, the Court grants the motion to strike (Dkt. 56).

## II.   ANALYSIS

Although not raised by either party, the Court notes that Federal Rule of Civil Procedure 12(f) only provides for the striking of matters in "pleadings." See Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006) (concluding that "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning of Rule 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."). This term does not encompass a notice of non-party fault. See Fed. R. Civ. P. 7(a) (defining pleadings as a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and a reply to an answer). Therefore, Rule 12(f) is not the proper vehicle for Plaintiff's challenge to Defendants' notice of non-party fault.

Furthermore, the Court concludes that Plaintiff's motion may not be properly construed as a motion for partial summary judgment under Rule 56(a). Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." However, Defendants do not plead apportionment of liability as an affirmative defense. See Def. Answer and Affirmative Defenses

2

(Dkt. 42). Nor is the notice of non-party fault framed or pled as an affirmative defense. Therefore, because there is no claim or defense presented in the notice of non-party fault, partial summary judgment on this issue would not be proper.

Instead, the notice of non-party fault is best characterized as providing notice to the court of a factual issue – "the relative proportion of fault of these non-parties" – that the Defendants may raise "at the time of trial." Def. Notice of Non-Party Fault at 1 (Dkt. 52). Therefore, the Court concludes that Plaintiff's motion to strike is best construed as a motion in limine seeking to prevent Defendants from raising certain evidence or arguments at trial. See Richardson v. Time Mfg. Co., No. 505-27, 2005 WL 1923592, at *1 (W.D. Mich. Aug. 11, 2005) (construing a motion challenging a notice of non-party fault as a motion in limine). The Court will evaluate the instant motion as a motion in limine to exclude evidence and arguments relative to apportionment of fault.

Defendants filed the notice of non-party at fault (Dkt. 52) under Mich. Comp. Laws §§ 600.2957 and 600.2959, which are provisions of the Michigan Tort Reform Act (MTRA). The MTRA provides that, "in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint." Mich. Comp. Laws § 600.2956. It further provides that, "the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault." Mich. Comp. Laws § 600.2957. The MTRA further states that "the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6206 or 6206a, as applicable." Mich. Comp. Laws § 600.2959.

Michigan Court Rule 2.112(K), which applies to actions governed by Mich. Comp. Laws 600.2957, provides:

> (K) Fault of Nonparties; Notice.
>> (1) Applicability. This subrule applies to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304, as amended by 1995 PA 249, apply.
>> (2) Notice Requirement. Notwithstanding MCL 600.6304, the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule.
>> (3) Notice.
>>> (a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.
>>> (b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.
>>> (c) The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.
>> (4) Amendment Adding Party. A party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty. The court may permit later amendment as provided in MCR 2.118.

In its motion to strike the notice of non-party fault, Plaintiff asserts that the complaint brings only federal copyright claims, and that the Michigan statutes cited by Defendants are inapplicable because they only apply to Michigan tort claims. Pl. Br. for Mot. to Strike at 1-5 (Dkt. 56). Plaintiff contends that, as a matter of law, Defendants' non-party fault defense cannot succeed, because the Copyright Act preempts a state law defense that would deprive Plaintiff of a judgment based on joint and several liability – a remedy provided by the federal copyright laws. Id. at 6-8. Plaintiff argues that, under federal law, there is no need to join all parties who may be jointly and severally liable for copyright infringement. Pl. Rep. at 1-4 (Dkt. 61). Plaintiff also

argues that, even if Defendants could transform the federal copyright claim into a state law claim for breach of a licensing agreement, Defendants still could not use the Michigan non-party fault statute as a defense, because it does not apply to contract claims. Pl. Br. for Mot. to Strike at 9

Defendants respond that Plaintiff has not met the high burden of establishing that a pleading must be struck. Def. Resp. at 2, 6 (Dkt. 60). That argument is irrelevant, given that the Court has construed the motion as a motion in limine, rather than a motion to strike under Rule 12(f). However, Defendants' principal argument – that the notice of non-party at fault is a "procedure to apportion fault" and not an attempt to preempt the federal Copyright Act, id. at 2 – must be addressed.

The Court concludes that Defendants' notice of non-party fault is preempted by the federal Copyright Act. The Copyright Act provides that, "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title." 17 U.S.C. § 301(a). As the Supreme Court has explained, "It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules." Sola Elec. Co. v. Jefferson Elec. Co., 317 U.S. 173, 176 (1942). See also Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992) (noting that under the Supremacy Clause of the Constitution, "state law that conflicts with federal law is without effect." (citations and quotation marks omitted)).

The Copyright Act provides that a copyright owner may elect to recover statutory damages between $750 and $30,000, "for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). See also Sygma Photo News, Inc. v. High Soc'y Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985) ("All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly

and severally liable as copyright infringers." (citations omitted)). In applying joint and several liability, "each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties." Black's Law Dictionary 997 (9th ed. 2009).

In the instant case, Defendants filed the notice of non-parties at fault to raise a defense under a Michigan tort reform law that abolishes joint and several liability and provides for the apportionment of liability. The Court agrees with Plaintiff that applying a Michigan doctrine that abolishes joint and several liability would remove a benefit provided in the federal Copyright Act; namely, the ability to impose joint and several liability on copyright infringers.

In Leo Feist, Inc. v. Young, 138 F.2d 972, 974 (7th Cir. 1943), the Seventh Circuit concluded that the benefits of the Copyright Act could not be denied by a defense based on state law:

> The trial judge was of the opinion that plaintiff came into court with unclean hands because it had not complied with the Wisconsin statute. Thus, in effect, compliance with that statute was made a condition precedent to the institution of suit under the Federal Copyright Act. We do not believe that the Wisconsin statute should be permitted to prohibit the bringing of a federal suit. The Federal Copyright Act lays down a prohibition against the appropriation of the proprietor's copyrighted composition unless consent is given. And it is familiar doctrine that the prohibition of a federal statute may not be set at naught by a state statute. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176 (1942). Therefore, since a right would not long be respected if it could be violated with ingenuity, the remedy of an infringement action in the federal courts must still be open to plaintiff. Correlatively, the benefits of a federal statute may not be denied by a state statute. Sola Electric Co. v. Jefferson Electric Co., supra; see Orlando Candy Co. v. New Hampshire Fire Ins. Co., D.C., 51 F.2d 392, 393.

In the instant case, as in Feist, the defendants are attempting to raise a state law defense to a federal copyright claim; however, as the Seventh Circuit reasoned, the benefits provided in the Copyright Act may not be limited or denied by a state statute. See also Martinez v. State of California, 444

U.S. 277, 284 n.8 (1980) (noting that under the Supremacy Clause, a state immunity defense does not have controlling effect over a claim brought under 42 U.S.C. § 1983).[1]

Because the notice of non-party fault is preempted by the Copyright Act as a matter of law, the Court concludes that Defendants are not entitled to introduce evidence or advance arguments regarding allocation of fault.

### III. CONCLUSION

For the reasons stated above, the Court construes Plaintiff's motion to strike the notice of non-party fault (Dkt. 56) as a motion in limine and grants it as such.

SO ORDERED.

Dated: July 10, 2013　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] In Defendants' answer to the amended complaint, they assert that to the extent the allegations in the complaint arise from a licensing agreement between the parties, the allegations raise a state law breach of contract claim, not a federal copyright claim. Plaintiff argues that even if, as Defendants contend, any of the claims arise out of a breach of a licensing agreement and are therefore governed by state law, the Michigan statute abolishing joint and several liability would still not be applicable to this case. The Court agrees. It is established that the MTRA is not applicable to breach of contract actions. See Zahn v. Kroger Co. of Michigan, 764 N.W.2d 207, 210 (Mich. 2009) ("We . . . hold that Mich. Comp. Laws § 600.2956 does not apply to contract actions . . . ."). Therefore, even if state law regarding breach of a licensing contract governs any of Plaintiff's claims, the MTRA and Michigan Court Rule 2.112(K) would not authorize Defendants to file a notice of non-party fault. Therefore, the allocation of fault would be irrelevant, even if the claims sound in breach of contract.

In addition, Defendants argue that they were entitled to file the notice of non-party fault because, to impose joint and several liability, all liable parties must be joined in the action. However, this argument lacks merit. See Temple v. Synthes Corp, Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." (citations omitted)).

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2013.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager